UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61860-CIV-COHN

CASWELL FENTON,

Magistrate Judge White

Petitioner,

vs.

WALTER A. MCNEIL,

Respondent.

_____/

## ORDER DENYING REQUEST FOR RECONSIDERATION BASED UPON NEW LAW

THIS CAUSE is before the Court upon Petitioner's Supplemental Objections to Report and Recommendations [DE 23].  The Court has reviewed *de novo* the file herein, and is otherwise fully advised in the premises.

On February 8, 2009, Petitioner Caswell Fenton ("Petitioner") placed into the mail a filing entitled "Petitioner's Supplemental Objections to Magistrate Judge's Report Dated September 8, 2008."  Petitioner raises the recent United States Supreme Court decision in Jimenez v. Quarterman, 129 S.Ct. 681 (2009) as a change in the law on the issue of the timeliness of the instant federal petition, the sole issue raised by Respondent in opposition to the Petition.  Petitioner is apparently unaware that this Court had overruled his prior objections and adopted the Report and Recommendation on September 29, 2008 [DE 22].[1]  The Court therefore treats the present filing entitled Supplemental Objections as a motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure based upon a change in the law.

Upon a review of the Supreme Court decision in Jimenez and the facts of the

_____

[1]  The docketing system reflects that a copy of the Court's Final Order dismissing the Petition was mailed to Petitioner's prison address on file at that time.  The recent filing by Petitioner lists this same address.

instant case, the result in <u>Jimenez</u> does not benefit Petitioner in this case.  The Court in

<u>Jimenez</u> held that "where a state court grants a criminal defendant the right to file an

out-of-time direct appeal during state collateral review, but before the defendant has first

sought federal habeas relief, his judgment is not yet 'final' for purposes of [28 U.S.C.]

§ 2244(d)(1)(A)."  129 S.Ct. at 686.  The Court referred to "direct" appeal several times

throughout the decision.

In the present case, the Florida courts allowed an out of time appeal of

Petitioner's state habeas petition, not his direct appeal.  Therefore, the time that his

judgment became final did not change.  Thus, the calculation of untolled time, contained

at page 6, footnote 5 of the Magistrate's Report [DE 20], remains correct after <u>Jimenez</u>.

This Court the reaffirms its agreement with the reasoning and conclusion of the

Magistrate Judge that the instant petition is time-barred. The Magistrate Judge's report

contains an extensive analysis of the statutory and equitable tolling arguments raised by

Petitioner.  See Report, pp. 7-12.  This Court sees no need to repeat that analysis here,

and incorporates by reference the entire report into this decision.

Accordingly, it is **ORDERED AND ADJUDGED that** Petitioner's Supplemental

Objections to Report and Recommendations [DE 23], which the Court treats as a Motion

for Reconsideration, is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, this 3rd day of April, 2009.

JAMES I. COHN
United States District Judge

2

copies to:

Caswell Fenton, pro se

DC # L35297
DeSoto Correctional Institution - Annex
13617 SE Highway 70
Arcadia, FL 34266-7800

Daniel Hyndman, AAG